# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

MARLENE J. CAMPBELL,

          Plaintiff,

v.                                       No. CIV 04-898 LFG

JO ANNE B. BARNHART,
Commissioner of Social Security
Administration,

          Defendant.

## MEMORANDUM OPINION AND ORDER

### Introduction

THIS MATTER is before the Court on Attorney E.C. (Mike) Gomez's Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act ("EAJA"),[1] filed May 4, 2005 [Doc. No. 15]. The government opposes Attorney Gomez's fee request and asks the Court to deny the request altogether based on the argument that its position was "substantially justified," or alternatively, to reduce the amount of fees requested. [Doc. No. 20.] Plaintiff filed what he identified as "Objection to Defendant's Response . . . ." [Doc. No. 21], which the Court considers to be a reply (in support of his motion). After careful consideration of the pertinent law and pleadings, the Court

---

[1] It is not clear why Attorney Gomez filed two separate pleadings in support of his EAJA fee request. He filed both a "Motion" [Doc. No. 15] and an "Application" [Doc. No. 16], along with his brief and breakdown of requested fees [Doc. No. 17], attorney certification [Doc. No. 18], and Plaintiff's Affidavit and Assignment of EAJA Fees [Doc. No. 19]. It also is unclear why the Motion and Application request slightly different amounts of attorney fees, i.e., the Motion seeks $4,891.34 and the Application seeks $4,726.70.

concludes that Attorney Gomez's EAJA fee request should be denied. The Court's reasoning is set out below.

**<u>Analysis</u>**

Under the EAJA, a court is permitted to award a "prevailing party . . . fees and other expenses . . . unless the court finds that the position of the United States was substantially justified . . . ." 28 U.S.C. § 2412(d)(1)(A). The government argues that its position was substantially justified, and that therefore, the EAJA fee request should be denied. The government did not discuss whether Campbell was a "prevailing party," for purposes of the EAJA fee request.

The Court determines that Campbell was not a "prevailing party" and that it lacks subject matter jurisdiction to decide this EAJA fee request. In <u>Hartter v. Apfel</u>, 202 F.3d 282 (Table, Text in Westlaw), 2000 WL 16323 (10th Cir. 2000), the Tenth Circuit decided that since the "district court had not affirmed, modified or reversed the Commissioner's decision but merely remanded the action . . . ,[2] plaintiff 'was not a prevailing party, [and] and the district court did not have subject matter jurisdiction to consider his EAJA fee application.'" <u>Id.</u> at *1. Thus, the Tenth Circuit vacated the district court's order denying the EAJA fee application (the district court had concluded that denial of the fee request was appropriate because the government's position was substantially justified).[3]

Similarly, here the Court did not affirm, modify or reverse the Commissioner's decision. It merely remanded the action primarily for clarification or amplification of the ALJ's discussion of a

---

[2] While it may make little difference, the Tenth Circuit reasoned that <u>Hartter</u> had been remanded to the "Appeals Council," <u>Id.</u> at *1, but the body of the decision noted that the government in that case secured the agreement of the Appeals Council to remand "the matter to the ALJ for further consideration." <u>Id.</u>

[3] Note that in <u>Hartter</u>, the applicant prevailed on remand and was determined to have a disability. Plaintiff then filed a renewed application for EAJA fees, and the trial court decided that nothing had changed its earlier evaluation that the government's position was "substantially justified." The Tenth Circuit affirmed, finding that the district court did not abuse its discretion in denying the fee request. <u>Id.</u> at *2-3.

treating physician's opinion. While the Court generally does not rely on an unpublished opinion, in this case it finds that the reasoning in <u>Hartter</u> is persuasive. Thus, the Court does not reach the government's argument that its position was "substantially justified," and instead, determines that it does not have subject matter jurisdiction to decide this matter.

    IT IS THEREFORE ORDERED that Gomez's Motion and Application for Award of Attorney Fees Pursuant to the Equal Access to Justice Act [Doc. Nos. 15, 16] are DENIED for lack of subject matter jurisdiction.

<i>Lorenzo F. Garcia</i><br>
Lorenzo F. Garcia<br>
Chief United States Magistrate Judge